IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | Todd Anthony Winter<br>3215 Dogwood Knoll Trl<br>Rosenberg, TX  77471-6703 | CHAPTER 13<br><br>CASE NO. 18-34833-H4 |
| | DEBTOR | |

## MOTION TO DISMISS OR CONVERT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

\_\_\_\_\_   The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

\_\_\_\_\_   Payments due pursuant to  U.S.C. § 1326(a)(1)  have not been made.

\_\_\_\_\_   Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11 U.S.C. § 109.

\_\_\_\_\_   The Debtors have not filed their Federal Income Tax return for the following years: .  Therefore the Debtors are not able to meet the burden of proving that the Plan complies with 11 U.S.C. § 1322 (a) (2).

\_\_X\_\_   The Debtors have caused unreasonable delay that is prejudicial to the Creditors.

\_\_X\_\_   Other:   Failed to amend schedule J to reflect accurate disposable income

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 26, 2018 AT  9:00 AM IN U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 600, 6TH FLOOR, HOUSTON, TX  77002-0000.  IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS AS FOLLOWS: 1.  FILE A RESPONSE WITHIN TWENTY ONE DAYS THAT SHOWS THAT THE ABOVE-CITED DEFICIENCY HAS BEEN CURED, OR 2.  FILE A RESPONSE WITHIN TWENTY ONE (21) DAYS THAT SHOWS THAT THE COURT SHOULD ALLOW YOU ADDITIONAL TIME TO CURE THE ABOVE-CITED DEFICIENCY.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND DISMISS OR CONVERT YOUR CASE.  IF THE DEFICIENCY IS FOR FAILURE TO FILE TAX RETURNS AND THE CASE IS DISMISSED, YOU WILL NOT BE ALLOWED TO FILE ANOTHER BANKRUPTCY CASE UNTIL ALL OF YOUR RETURNS ARE FILED.**

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7, whichever shall be determined in the best interest of creditors.

Dated: October 26, 2018

/s/ David G. Peake
David G. Peake
Standing Chapter 13 Trustee

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties (if listed) by mailing a copy of same to the address listed below via first class mail October 26, 2018.

Electronically signed by
David G. Peake, Chapter 13 Trustee

Debtor's Attorney of Record:
CROSLAND LAW FIRM, PLLC
SETH CROSLAND
1848 NORWOOD PLAZA
SUITE 205B
HURST, TX  76054

Debtor:
Todd Anthony Winter
3215 Dogwood Knoll Trl
Rosenberg, TX  77471-6703

BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP
4004 BELT LINE ROAD  SUITE 100
ADDISON, TX  75001

CAPITAL ONE
PO BOX 30281
SALT LAKE CITY, UT  84130

CROSLAND LAW FIRM, PLLC
SETH CROSLAND
1848 NORWOOD PLAZA
SUITE 205B
HURST, TX  76054

FORT BEND COUNTY
1317 EUGENE HEIMANN CIRCLE
RICHMOND, TX  77469

PACIFIC UNION FINANCIAL, LLC
1603 LBJ FREEWAY, SUITE 500
FARMERS BRANCH, TX  75234

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-34833-H4 |
| | § | |
| Todd Anthony Winter | § | |
| | § | |
| | § | |
| DEBTOR | § | |
| | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

   (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

   (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

   (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

   (d) Fourth, the balance in any other Reserve account to the Debtor;

   (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

   (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

   (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

SIGNED ON _____

Dated: _____

_____
JEFF BOHM
United States Bankruptcy Judge